**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| VANESSA L. CLARK,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No.  SA-25-CA-01268-XR |
| ATTORNEY CHRISTOPHER J. WEBER,<br>CHRISTOPHER J. WEBER, LLC, TEXAS<br>PROFESSIONAL LIMITED LIABILITY<br>COMPANY; ASHTON REID KINGSLEY,<br>MICHELENE ANN LYONS,<br>SAMANTHA RENEE PARRA,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## <u>ORDER ON REPORT AND RECOMMENDATION</u>

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's

Report and Recommendation in the above-numbered and styled case, filed October 24, 2025. ECF

No. 14.

### BACKGROUND

#### I. Allegations and Prior Suits

*Pro se* plaintiff Vanessa Clark seeks leave to proceed *in forma pauperis.* ECF No. 1. She

is a 33-year-old Navy veteran whose sole income stems from her 100% disability rating from the

Department of Veterans Affairs. ECF No. 1 (noting that Plaintiff receives $3,800 monthly through

disability payments); ECF No. 3 at 3. She brings this action alleging that Defendants invaded her

privacy and conspired to commit fraud against her. ECF No. 1-1 at 3–8.

Plaintiff's factual allegations concern purported misconduct by Defendants in connection

with state-court proceedings. *Id.* at 2. Plaintiff has already sued these defendants for claims related

to those state-court proceedings. *See Clark v. Weber et al.*, 5:25-cv-00534-JKP (dismissed

September 12, 2025); *Clark v. Weber et al.*, 5:25-cv-01241-OLG (dismissed October 7, 2025); *Clark v. Weber et al.*, 5:25-cv-01288-FB (filed October 7, 2025); *Clark v. Sutton et al.*, 5:25-cv-01270-OLG (filed October 2, 2025).

In at least one earlier case, the factual allegations are identical to those presented here. *Compare* ECF No. 1-1 at 2–3, *with Clark*, 5:25-cv-01241-OLG, at 2–3. Plaintiff voluntarily dismissed that earlier case on October 7, 2025. She filed another suit the same day. *See Clark*, 5:25-cv-01288-FB.

## II. The Magistrate Judge's Recommendation

Magistrate Judge Henry J. Bemporad reviewed Plaintiff's motion and proposed Complaint in accordance with 28 U.S.C. § 636(b). ECF No. 14 at 1. He recommended that the Court deny Plaintiff's motion and dismiss her Complaint. *Id.* He noted that in cases seeking to proceed *in forma pauperis*, the Court must dismiss the case if it is malicious. *Id.* at 1 (citing 28 U.S.C. § 1915(e)(2)(b)). "An action is malicious if it involve[s] a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit." *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (quotations omitted).

The Magistrate Judge explained that Plaintiff's claims "arise out of the same transaction or series of transactions as" her other suits in this District. ECF No. 14 at 3. Considering that "Plaintiff already has or could have asserted her present claims in her prior dismissed lawsuits," the Magistrate Judge found that this action is malicious under 28 U.S.C. § 1915. *Id.* at 3.

## LEGAL STANDARD

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by

the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id*.; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## DISCUSSION

Plaintiff objected to the Magistrate Judge's Report and Recommendations. ECF Nos. 16, 18, 19, 20.  Across her four filings, she makes three principal arguments that her claim is not malicious.

First, Plaintiff argues that each case that she filed "addressed separate defendants, separate conduct, and distinct legal theories." ECF No. 16 at 1. But an action is malicious if it "aris[es] from the same series of events and alleg[es] many of the same facts as an earlier suit." *Brown*, 554 Fed. Appx. at 269. Plaintiff does not contend that this action arises from a different set of events. She cannot: The factual allegations here are identical to those in an earlier suit. *Compare* ECF No. 1-1 at 2–3, *with Clark*, 5:25-cv-01241-OLG, at 2–3 (dismissed October, 7, 2025).

Second, Plaintiff asserts that the present suit incorporates "new evidence and information revealing fraudulent conduct that was not known and could not reasonably have been discovered during the prior proceedings." ECF No. 18 at 1. But once again, she does not allege any facts that she did not previously. And she neither describes this new evidence nor explains why it was previously undiscoverable.

3

Third and finally, Plaintiff contends that the Magistrate Judge improperly applied the doctrine of res judicata against her. ECF No. 16 at 2. She argues that the doctrine typically requires a final judgment on the merits of the same claims, and her prior cases involved different claims that were voluntarily dismissed. *Id.* But the Magistrate Judge found that Plaintiff's claim is malicious under Section 1915(e), not that it is barred by res judicata. "The court's power of dismissal in IFP cases under section 1915(d) is broader than in other civil cases under the Federal Rules of Civil Procedure." *Bailey*, 846 F.2d at 1021.

Plaintiff's objections are overruled. Her action "aris[es] from the same series of events and alleg[es] many of the same facts as an earlier suit." *Brown*, 554 Fed. Appx. at 269. It is malicious under 28 U.S.C. § 1915(e).

## CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the Magistrate Judge's recommendation. Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED**.

Plaintiff's case is **DISMISSED**. A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order to Vanessa Clark at 1780 Iowa Street, #1033 Bellingham, WA 98229.

It is so **ORDERED**.

**SIGNED** this 20th day of February, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4